SCHOOL BOARD CONTRACTS Insurance policies purchased by a school district may continue for the term for which they were written, although subsequent to their issuance a school board member's father acquired the insurance agency. The Attorney General has considered your opinion request wherein you ask the following question: If an individual buys an insurance agency and the agency has insurance policies with a school district on whose board of education there is a daughter of the owner of the insurance agency, may the board of education continue the insurance policies for the term for which they were written? Your letter indicates that the insurance policies in question were in effect at the time the insurance agency was acquired by the board of education member's father. Therefore, it would appear that a valid and enforceable contract was in existence at that point in time. After the acquisition of the insurance agency by a new owner, the policies were still in effect, unless canceled by one of the contracting parties. Several Attorney General's Opinions have dealt with the validity of a contract with a school district after a subsequent election to the school board of a relative of a person employed by the contracting business. An April 10, 1952, Opinion held: ". . .The Attorney General has expressed the view, in several opinions, that the validity of a contract with a school district is determined at the time it is entered into, and if any such contract was valid when entered into, the subsequent election of an uncle of the person so employed, to the board of education of the school district, does not make the contract invalid." Other Opinions on this subject are dated as follows: September 20, 1926 to Honorable A. L. Commons; July 1, 1930 to the State Superintendent of Public Instruction; and April 21, 1931 to the State Superintendent of Public Instruction. 17 C.J.S., Contracts, 24 states: ". . .A contract that is valid when made is not affected by a change in the public policy of the state, or by conditions developing at a later date." Therefore, since the date of the issuance of the insurance policies predated the acquisition of the agency by the board member's relative, the pre-existing contracts are valid and enforceable for the term for which they were written. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Insurance policies purchased by a school district may continue for the term for which they were written, although subsequent to their issuance a school board member's father acquired the insurance agency. (Joe C. Lockhart)